**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**MIDWEST OF CANNON FALLS, INC.**,

Plaintiff,

v.

**GLOBAL INNOVATIONS, LLC**,

Defendant.

Civil No. 01-2004 (DSD/JGL)

**ORDER**

APPEARANCES

Rita O' Keeffe, Esq., and Susan M. Robiner, Esq., on behalf of Plaintiff

Norman M. Abramson, Esq., on behalf of Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 8, 2002 on Plaintiff's Motion to Compel (Doc. No. 15). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

Plaintiff manufactures giftware and holiday decorations. Plaintiff claims that Defendant used Plaintiff's copyrighted artwork on cookie tins

OCT 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

marketed by Defendant. In the instant motion, Plaintiff seeks an order compelling Defendant to respond to outstanding discovery requests, compelling Defendant to file its Rule 26(a)(1) disclosures, extending the discovery deadline, and awarding Plaintiff costs and attorneys' fees. At the motion hearing, the Parties represented that Defendant recently filed its Rule 26(a)(1) disclosures. Therefore, that part of Plaintiff's motion is denied as moot.

## II. DISCUSSION

There are three issues remaining in the instant motion. The Court will address each issue separately.

### A. Plaintiff's Discovery Requests

The scheduling order in this case requires discovery "service and response" to be completed by August 2, 2002. (Joint Rule 26(f) Rep. at 3.) The Federal Rules of Civil Procedure give Parties thirty days to respond to interrogatories and document requests. See Fed. R. Civ. P. 33(b)(3), 34(b). Plaintiff served its discovery requests on August 1, 2002.

Defendant argues that it has no obligation to respond to Plaintiff's discovery requests because they are untimely. Plaintiff responds that the only reason it served discovery at such a late date was that it was waiting for Defendant's Rule 26(a)(1) disclosures.[1] According to Plaintiff, it was waiting to

[1]Defendant's Rule 26(a)(1) disclosures were due May 24, 2002. (Pretrial Sched. Order at 1.) Defendant has given no explanation for its failure to file its disclosures in a timely manner.

draft discovery requests until it saw Defendant's disclosures. Moreover, during the discovery period, Plaintiff was proposing settlement offers to Defendant. Apparently, Defendant never responded to those offers. (Robiner Aff. Ex. F. at 1-2.) When Defendant failed to respond to settlement offers, and failed to file its Rule 26 (a)(1) disclosures, Plaintiff filed its discovery requests on the eve of the discovery deadline. Defendant never responded to Plaintiff's discovery requests.

The Court does not find Plaintiff's discovery requests untimely. Plaintiff's motion papers evidence a history of dilatory conduct on the part of Defendant. (O' Keeffe Aff., Robiner Aff.) Defendant repeatedly promised to attend to its discovery obligations, and apparently never followed through. (Robiner Aff. Ex. D, E, F at 1-2.) It was not until Plaintiff filed the instant motion that Defendant even filed its Rule 26(a)(1) disclosures. Defendant may not avoid its discovery obligations in the instant case. Accordingly, this part of Plaintiff's motion is granted. Defendant must fully respond to Plaintiff's discovery requests within thirty days of this Order.

**B. Plaintiff's Request to Extend the Discovery Deadline**

Plaintiff requests that the discovery deadline in this case be extended to January 15, 2003. Defendant argues that Plaintiff has not demonstrated that good cause exists to extend the deadline.

Modifying a pretrial scheduling order requires a showing of good cause by the moving party. See Fed. R. Civ. P. 16(b). Good cause requires the

party seeking the extension to show diligence in attempting to comply with the schedule. See Fed. R. Civ. P. 16(b) advisory committee's note (1983); Bradford v. Dana Corp., 249 F.3d 897, 809 (8th Cir. 2001); Archer Daniels Midland Co. v. Aon Risk Serv., Inc., 187 F.R.D. 578, 583 (D. Minn. 1999). Rule 16(b) focuses on the showing of good cause and diligence by the movant, not whether the non-movant will be prejudiced. See Luigino's Inc. v. Pezrow Co., 178 F.R.D. 523, 525 (D. Minn. 1998).

The Court finds that good cause exists to extend the discovery deadline in this case. Contrary to Defendant's assertion, the fact that the Parties have indicated a willingness to try settling this case does not mean that a stay of the discovery process is appropriate. Discovery must progress in this case. Should settlement negotiations prove unfruitful, the case must be ready for trial by April 1, 2003. (Pretrial Sched. Order at 2.) The Court is convinced that Plaintiff has been diligent in attempting to comply with the existing pretrial schedule. But for Defendant's delay tactics, one of two things would likely have occurred long ago: (1) the case would have settled, or (2) Plaintiff would have filed discovery requests based on Defendant's Rule 26(a)(1) disclosures at an earlier date. Therefore, this part of Plaintiff's motion is granted in part and denied in part. Plaintiff's motion is granted as to an extension of the discovery deadline, and denied as to an extension until January 15, 2003.

### C. Plaintiff's Request for Costs and Attorneys' Fees

Plaintiff seeks sanctions in the form of its costs and attorneys' fees associated with bringing the instant motion. Plaintiff has not submitted an affidavit or itemized billing to support this request. The Federal Rules of Civil Procedure provide for an award of attorneys' fees in certain situations. In pertinent part, the Rules state the following:

> If [a motion to compel disclosures or to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

The Court finds that an award of sanctions is appropriate in this case. This is especially true regarding Plaintiff's request for Defendant's long-overdue Rule 26(a)(1) disclosures.

The Court further finds an award of costs and fees in the amount of $500.00 appropriate. However, $300.00 of this award will be stayed upon Defendant providing timely and complete responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request For Production of Documents. The same stay will also apply if the Parties reach a settlement in this case prior to November 8, 2002.

Bascd upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel (Doc. No. 15) is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED AS MOOT IN PART** as set forth fully in the body of this Order;

(2) Defendant must fully respond to any outstanding discovery requests by November 8, 2002;

(3) Defendant must pay Plaintiff sanctions in the amount of $200.00 by November 8, 2002;

(4) If Defendant fails to fully respond to Plaintiff's First Set of Interrogatories or Plaintiff's First Request For Production of Documents by November 8, 2002, Defendant must pay Plaintiff an additional $300.00 in sanctions by November 22, 2002; and

(5) The discovery deadline in this case is extended to December 1, 2002.

Dated: October 8, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge